IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Valerie L. Stevenson,<br><br>    Plaintiff,<br><br>vs.<br><br>Lawrence County, Pennsylvania, and<br>Housing Authority of Lawrence County,<br><br>    Defendants. | Civil Action No. 08-659 |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Pending before the Court is Defendant Lawrence County, Pennsylvania's ("Lawrence County") Motion to Dismiss Plaintiff's Complaint against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 4). In her Complaint, Plaintiff asserts various claims of discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Equal Pay Act, 29 U.S.C. § 206, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* In its Motion and supporting brief, Lawrence County argues that even taking all of Plaintiff's allegations as true, she cannot recover against Lawrence County because Lawrence County was not her employer. In this regard, Lawrence County states that Plaintiff's Complaint demonstrates that her employer was Defendant Housing Authority of Lawrence County ("Housing Authority") and that her theory of liability against Lawrence County rests on her assumption that the Housing Authority is an instrumentality of

Lawrence County.[1] Lawrence County then cites 35 Pa. Stat. § 1544(a), a state statute that creates housing authorities, to show that a housing authority "shall in no way be deemed to be an instrumentality of" the city or county for which it was created. See Docket Nos. 4-5 (citing 35 Pa. Stat. § 1544(a)). According to Lawrence County, the language of this statutory provision shows that Plaintiff's allegation that the Housing Authority is an instrumentality of the County is misplaced.

In her Response, Plaintiff does not contest the arguments set forth in Lawrence County's Motion. Instead, Plaintiff states that "based upon the representations of Defendant, Lawrence County, in its motion and brief, the Plaintiff joins in the motion and requests that this Honorable Court remove Defendant Lawrence County as a party to the above-captioned action." Pl.'s Resp. (Docket No. 10) at 1. Because Plaintiff does not contest the dismissal of Lawrence County as a defendant in this case, I will grant Lawrence County's Motion to Dismiss. This dismissal, however, shall be without prejudice to Plaintiff's ability to renew her claims against Lawrence County should additional facts or information come to light that contradict Lawrence County's assertions that it was not Plaintiff's employer.

WHEREFORE, this 9th day of October, 2008, after careful consideration of the submissions of the parties and for the reasons set forth herein, it is ordered that Defendant Lawrence County's Motion to Dismiss (Docket No. 4) is GRANTED, without prejudice, and that Defendant Lawrence County, Pennsylvania is hereby dismissed as a party in the above-captioned case.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

---

[1] Defendant Housing Authority filed an Answer to Plaintiff's Complaint on September 2, 2008 (Docket No. 7), and is not a party to Lawrence County's Motion to Dismiss.